## Case No. 12,556.

### In re SCRAFFORD.

[4 Dill. 376; 15 N. B. R. 104; 3 Month. Jur. 614; 3 N. Y. Wkly. Dig. 552.] [1]

Circuit Court, D. Kansas. Jan., 1877. [2]

BANKRUPT ACT—NUMBER AND VALUE OF CREDITORS—ATTACHING CREDITORS.

Creditors who have obtained liens by attachment within four months before the commencement of proceedings in bankruptcy, are not to be reckoned in computing the proportion of creditors who must unite in an involuntary petition.

[Cited in Hatfield v. Moller, 4 Fed. 719.]

[In review of the action of the district court of the United States for the district of Kansas.]

In bankruptcy.

Judson & Motter, for petitioning creditors.
J. E. Taylor, A. Wells, and Doniphan & Reed, contra.

DILLON, Circuit Judge (orally). This case is before me on a petition to review the action of the district court, and the facts are as follows: Isaac T. Hosea filed his petition for adjudication of bankruptcy against Charles G. Scrafford, alleging, among other things, that he constituted one-fourth in number of the creditors, and that his claim was one-third in amount of the indebtedness of the alleged bankrupt. This was denied by Scrafford, who appeared by attorney and filed a list of his creditors, with a statement of his indebtedness. Certain other creditors then appeared, alleging that they had levied attachments on the debtor's property within four months before the commencement of the proceedings, and asked leave to oppose the adjudication. This leave was granted them, and the court proceeded to inquire into the number of creditors, and the amounts of their respective claims; whereupon it was moved, on the part of the petitioning creditors, that all persons who held such attachments be excluded from the count as to the number of creditors and amount of indebtedness necessary to be joined in the petition. This motion was overruled by the district court [Case No. 12,557], and notice being given of the proposed filing of a petition for review, the case was stayed at this point, and no further proceedings have since been had.

One object of the bankrupt law is to secure an equal distribution of the estate of the bankrupt amongst all of his unsecured creditors, and in order the more effectually to accomplish this, creditors who have obtained preferences are excluded from participation in the proceedings until after the election of an assignee. I can see no reason why attaching creditors should not be governed by

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 3 N. Y. Wkly. Dig. 552, contains only a partial report.]

[2] [Reversing Case No. 12,557.]

the same rules which apply to other creditors, whose debts are secured by preferences which the adjudication will defeat. Indeed, as all attachments levied within four months before the filing of the petition in bankruptcy would be dissolved, ipso facto, by an assignment under the bankruptcy proceedings, persons holding liens by such attachments would seem to have a peculiar interest in defeating an adjudication, and for this reason should not be reckoned, for the purposes of those proceedings, as creditors of the alleged bankrupt. Of course, they could not be counted if the attachments were sued out with a view of obtaining a preference over other creditors; and as, in most cases, a ground of attachment is also an act of bankruptcy, the presumption would be strong that such was the object of an attaching creditor. A person with a knowledge that his debtor has committed an act of bankruptcy, should not be permitted to obtain by attachment and hold a preference over other creditors. I do not think that creditors, any more than the debtor, should be permitted thus to defeat the object of the bankrupt law. A secured creditor cannot vote for assignee, nor can he have his debtor adjudged a bankrupt. If he cannot be counted in favor of the proceedings to put the debtor into bankruptcy because he is secured, there is no principle upon which he could be counted against them.

My conclusion, therefore, is, that when a creditor of an alleged bankrupt, either by an arrangement with the bankrupt, or by an attachment, obtains a security or lien for his claim, in fraud of the bankrupt act, or which would be avoided by that act if the debtor is adjudged a bankrupt, he cannot be counted, nor can his claim be estimated in computing the number and value necessary to be represented in the petition. Reversed.

NOTE. This case overrules [Case No. 12,-557]: contra, In re Hatje [Id. 6,215]. See In re Broich [Id. 1,921]; In re Frost [Id. 5,134]; In re Green Pond R. Co. [Id. 5,786]. As to dissolution of attachment by bankruptcy proceedings, Bracken v. Johnston [Id. 1,761]; McCord v. McNeil [Id. 8,714]. Attachment creditor cannot force debtor into bankruptcy. In re Hazens [Id. 6,285].